[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 5, 2008
THOMAS K. KAHN
CLERK

No. 07-12070
Non-Argument Calendar
_____

D. C. Docket Nos. 05-00152-CV-J-25-MCR
01-00251-CR-J-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT LLOYD PEARL,

Defendant-Appellant.

_____

No. 07-12715
Non-Argument Calendar
_____

D. C. Docket Nos. 04-01329-CV-J-25-MCR
01-00251-CR-J-2

ROBERT MACPHERSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                  Respondent-Appellee.


                      _____

                          No. 07-13087
                      Non-Argument Calendar
                      _____

                D. C. Docket No. 01-00251-CR-J-25MCR

UNITED STATES OF AMERICA,

                                                  Plaintiff-Appellee,

                            versus

WILLIAM M. THOMAS,

                                                  Defendant-Appellant.


                      _____

                          No. 07-13089
                      Non-Argument Calendar
                      _____

                D. C. Docket No. 01-00251-CR-J-25TEM

UNITED STATES OF AMERICA,

                                                  Plaintiff-Appellee,

                            versus

NOAH DWIGHT BAKER, SR.,
LINDA BAKER,
BRENDA S. PHENIS,

Defendants-Appellants.

_____

No. 07-13092
Non-Argument Calendar
_____

D. C. Docket Nos. 01-00251-CR-J-25MCR
04-01329-CV-J-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILEY RICHARD COUTURIER,
VICTOR E. MARCHITELLO,
GARY DAVID PINCUS,
ERIC POSNAN,
MICHAEL BERRY,

Defendants-Appellants.

_____

No. 07-13097
Non-Argument Calendar
_____

D. C. Docket No. 01-00251-CR-J-25MCR

UNITED STATES OF AMERICA,

                                                Plaintiff-Appellee,

                            versus

PATRICK DORAN,

                                              Defendant-Appellant.

                    _____

                        No. 07-13650
                      Non-Argument Calendar
                    _____

              D. C. Docket Nos. 07-00478-CV-J-25-HTS
                        01-00251-CR-J-2

JAMES P. FAHERTY,

                                              Petitioner-Appellant,

                            versus

UNITED STATES OF AMERICA,

                                              Respondent-Appellee.

                    _____

                        No. 07-13651
                      Non-Argument Calendar
                    _____

              D. C. Docket Nos. 07-00456-CV-J-25-HTS
                        01-00251-CR-J-2

DONALD M. HART,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————————

Appeals from the United States District Court
for the Middle District of Florida

————————————————

**(August 5, 2008)**

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Robert Lloyd Pearl, Noah Dwight Baker, Sr., Linda Baker, Michael L. Berry, Wiley Richard Couturier, Patrick Doran, James P. Faherty, Donald M. Hart, Robert MacPherson, Victor E. Marchitello, Brenda S. Phenis, Gary David Pincus, Eric Posnan, and William Mikey Thomas (collectively "appellants") appeal from the district court's denial of their petitions for writ of error coram nobis, pursuant to 28 U.S.C. § 1651(a). Prior to seeking this relief, the appellants had pleaded guilty to conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371, which was related to a scheme to embezzle and redeem winning pieces to promotional games run by McDonald's restaurants, and admitted that they had redeemed

5

McDonald's game pieces that were originally embezzled by Jerome P. Jacobson. Following these guilty pleas, appellant Couturier was sentenced to a one-year and one-day term of imprisonment, along with restitution, and the other appellants were each sentenced to probation and restitution.

Although the appellants pleaded guilty, several of the other defendants charged in the same indictment pleaded not guilty, proceeded to trial, and were convicted. See United States v. Chandler, 388 F.3d 796 (11th Cir. 2004). We reversed these convictions on appeal, holding that "the government must allege and prove that the defendants knowingly entered into an agreement to commit an unlawful act," id. at 800 (emphases omitted), and that while the indictment did allege an unlawful act, it did not allege that the defendants knew that the game stamps had been stolen. Id. Based on Chandler, the appellants here sought and were denied coram nobis relief, and now argue in this appeal that the district court should have granted their petitions on grounds that: (1) the district court lacked subject matter jurisdiction because there was a fundamental error in the indictment in that it did not allege a crime; (2) the factual bases of their guilty pleas were insufficient because the appellants did not plead guilty to criminal conduct; and (3) their guilty pleas were not knowing and voluntary. After thorough review of the briefs and record, we affirm.

6

We review a district court's denial of the writ of error coram nobis for an abuse of discretion. Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000). The writ of error coram nobis is a remedy available under the All Writs Act, 28 U.S.C. § 1651(a) to vacate a conviction when the petitioner has served his or her sentence and is no longer in custody because "the results of the conviction may persist . . . ." United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002) (citations omitted). "The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000). The bar for coram nobis is high and relief may issue only where: (1) "there is and was no other available avenue of relief," and (2) "when the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." Alikhani, 200 F.3d at 734 (internal quotation omitted). Furthermore, a district court may consider coram nobis petitions only where the petitioner presents sound reasons for failing to seek relief earlier. United States v. Morgan, 346 U.S. 502, 512 (1954) (holding that where "no other remedy [is] available and sound reasons exist[] for failure to seek appropriate earlier relief" a defendant's motion for writ of coram nobis must be heard by the federal court). "[T]he concern with finality served by the limitation

7

on collateral attack has special force with respect to convictions based on guilty pleas." United States v. Timmreck, 441 U.S. 780, 784 (1979) (footnote omitted).

We first are unpersuaded that the district court abused its discretion in denying their writ of error coram nobis on the ground that it lacked subject matter jurisdiction due to a fundamental error in the indictment -- that is, that it did not allege that the appellants knew the game pieces were stolen, as required by Chandler. The elements of a conspiracy under 18 U.S.C. § 371 are (1) an agreement among two or more persons to achieve an unlawful objective; (2) the defendant's knowing and voluntary participation in the agreement; and (3) an overt act in furtherance of the agreement. United States v. Adkinson, 158 F.3d 1147, 1153 (11th Cir. 1998). "Mail fraud consists of the following elements: (1) an intentional participation in a scheme to defraud a person of money or property, and (2) the use of the mails in furtherance of the scheme." United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) (internal quotation omitted).

In Peter, 310 F.3d at 711, the defendant pleaded guilty to mail fraud, admitting that he made misrepresentations in an application for a state liquor license. However, a later decision by the U.S. Supreme Court held that the same conduct to which Peter pleaded guilty was outside the reach of the mail fraud statute because the statute required the object of the fraud to be "property," and

state and municipal licenses were not property.  Id.  We granted Peter's petition for writ of error coram nobis, holding that the district court lacked jurisdiction because the indictment alleged only a non-offense.  Id. at 715-16.  We stated that "[t]he problem is not that the Government's case left unanswered a question as to whether its evidence would encompass a particular fact or element," but rather that the government "affirmatively alleged a specific course of conduct that is outside the reach of the mail fraud statute."  Id. at 715.  In so holding, we distinguished claims that a defendant had been charged in an indictment that alleged conduct that was non-criminal, which was a jurisdictional defect, from claims involving indictments with omissions, such as a missing element, which were not jurisdictional.  See id. at 714.  Similarly, in United States v. Cotton, 535 U.S. 625, 630-31 (2002), the Supreme Court held that an indictment's failure to allege an essential element of an offense did not constitute a jurisdictional defect.

Here, the district court properly found that the indictment clearly alleged a single conspiracy with two unlawful objects -- to steal McDonald's game pieces and redeem them by misrepresentations amounting to criminal fraud.  This conclusion is well supported by Chandler, which notably held that "[t]he indictment did allege an unlawful act in the embezzlement of the game stamps." 388 F.3d at 800.  Thus, this case is unlike Peter, where the indictment charged

9

conduct that, even if proven, did not constitute a criminal offense. Peter, 310 F.3d at 715. Moreover, even if the indictment at issue here failed to allege an element of the offense, such an omission would not divest the district court of subject matter jurisdiction over the case. See id. at 714. Therefore, the district court did not abuse its discretion in finding that it had subject matter jurisdiction over the guilty pleas and denying the appellants' writs of error coram nobis on this ground.

We next reject the appellants' contention that the district court abused its discretion in denying the writ of error coram nobis on the ground that their plea agreements were defective and did not indicate that the appellants had pleaded guilty to criminal conduct because the factual bases in the plea agreements did not establish that the appellants were aware that the game pieces had been embezzled. Even assuming that the possible insufficiency of the factual bases was a "fundamental" error, the appellants did not challenge the indictment or their guilty pleas until after we decided Chandler, and they have presented no sound reason for failing to do so earlier. See Morgan, 346 U.S. at 512 (holding that where "no other remedy [is] available and sound reasons exist[ ] for failure to seek appropriate earlier relief" a defendant's motion for writ of error coram nobis must be heard by the federal court). Indeed, the appellants' limited appeal waivers did not prevent them from challenging this issue on direct appeal, but rather, only implicated their

10

ability to appeal their sentences. Furthermore, that the appellants already filed § 2255 motions -- indicating that other avenues of relief are not currently available -- does not save the fact that these claims could have, and should have, been raised on direct appeal. See Alikhani, 200 F.3d at 734 (holding that some of Alikahni's claims were not "facially . . . cognizable on coram nobis review" because they could have been brought in a pretrial motion). In short, the appellants have not established that they are entitled to the "extraordinary" remedy of coram nobis relief on this ground. See Mills, 221 F.3d at 1203.

Lastly, we find no merit to the argument that the district court abused its discretion in denying the writ of error coram nobis on the ground that the appellants' pleas were not knowing and voluntary because they did not know that the government was required to prove that they had knowledge that the game pieces were stolen, they received ineffective assistance of counsel, and the government committed a violation pursuant to Brady v. Maryland, 373 U.S. 83 (1963). The Supreme Court has "strictly limited the circumstances under which a guilty plea may be attacked on collateral review." Bousley v. United States, 523 U.S. 614, 621 (1998). It has held that "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." Id.

11

While <u>coram nobis</u> relief is available in some circumstances to those who have pleaded guilty, it is not available to challenge the knowledge and voluntariness of the plea itself when that issue has not been raised in an earlier proceeding. <u>Bousley</u>, 523 U.S. at 621. Here, the appellants did not challenge the intelligence or voluntariness of their guilty pleas on direct appeal. Moreover, as noted above, the appellants have not presented "sound reasons" for failing to seek relief earlier. <u>See</u> <u>Morgan</u>, 346 U.S. at 512. Accordingly, the district court did not abuse its discretion in denying the writ on this ground, and the decision of the district court is affirmed.

**AFFIRMED.**