[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13126
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 93-00068-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIUS OBASOHAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 6, 2009)

Before BIRCH, WILSON and FAY, Circuit Judges.

PER CURIAM:

Julius Obasohan appeals the district court's denial of his *pro se* petition for

writ of error *coram nobis*. Obasohan challenged in his petition his 1994 conviction, pursuant to a guilty plea, for conspiracy to produce, use and traffic in one or more counterfeit access devices, in violation of 18 U.S.C. § 1029. Specifically, he argued that the following enumerated overt acts in furtherance of the conspiracy were not a violation of § 1029(b)(2): (1) his co-defendant, Oromie Ogionwo, presented a false driver's license in the name of Robert L. Voelkell, Jr. to a postal employee; (2) Ogionwo obtained mail containing a Discover credit card in Voelkell's name; and, (3) Ogionwo delivered the mail containing that Discover credit card to Obasohan.

On appeal, Obasohan argues that his *coram nobis* petition was warranted because his conduct was not a crime under 18 U.S.C. § 1029, and he is no longer in custody. Therefore, no other remedy is available to correct his improper conviction. Furthermore, he contends that he suffers from various continuing civil disabilities due to his improper conviction. Obasohan argues that he did not produce, use, and traffic in any counterfeit access device, and thus he could not have violated 18 U.S.C. § 1029. Obasohan claims that because a major element of § 1029(a)(1) is that the access device or credit card be counterfeited, faked, or forged, he could not have committed the offense because the Discover credit card was unauthorized instead of counterfeited. Obasohan states that based on the

2

Discover credit card being unauthorized, his overt acts could only have been charged under 18 U.S.C. § 1029(a)(2), but because he did not obtain at least $1,000 in value from the credit card, the elements of this offense were not met.

Obasohan, relying primarily on *United States v. Peter*, 310 F.3d 709 (11th Cir. 2002) (per curiam), argues that because the indictment did not allege a crime, the district court lacked jurisdiction to accept his guilty plea to a non-offense. Obasohan concedes that he pled guilty to conspiracy under § 1029(b)(2). However, he argues that he did not violate § 1029(a)(1). Therefore, he contends that he could not be guilty of § 1029(b)(2) because neither the rule of law nor evidence supported his guilt.

Obasohan also contends that he did not attack his improper conviction earlier because his counsel misadvised him that an unauthorized access device was also a counterfeit access device. Specifically, Obasohan states that his counsel failed to discover that he was charged with one specific conduct, which was not within the reach of § 1029(a)(1). Obasohan argues that, at every stage of his criminal proceedings, his counsel provided him with ineffective representation in violation of due process by failing to notice that there was a jurisdictional defect in his indictment. Further, Obasohan contends that he did not discover the difference in the two elements of § 1029(a)(1) until after reviewing his immigration appeal in

3

*Obasohan v. U.S. Att'y Gen.*, 479 F.3d 785 (11th Cir. 2007) (hereinafter "immigration case"), in which we stated that his conviction was premised upon one conduct depicted in the indictment, which was contrary to the overly broad "true name fraud" used by the district court in denying his *coram nobis* petition. Obasohan contends that based on his immigration case, he has discovered that "all credit cards are not counterfeited." Obasohan, relying on Ninth Circuit case law, argues that *coram nobis* does not require that he challenge his conviction at the earliest possible opportunity, but only that he provide reasons for not doing so earlier.

"Federal courts have authority to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. 1651(a)." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). We review a district court's denial of the writ of error *coram nobis* for an abuse of discretion. *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) (per curiam).

As defined in § 1029 at the time of Obasohan's conviction, a counterfeit access device is "any access device that is counterfeit, fictitious, altered, or forged, or an identifiable component of an access device or a counterfeit access device." 18 U.S.C. § 1029(e)(2). Further, an unauthorized access device is "any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to

4

defraud." 18 U.S.C. § 1029(e)(3).

"The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *Mills*, 221 F.3d at 1203. The bar for *coram nobis* is high and relief may issue only where: (1) "there is and was no other available avenue of relief," and (2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Alikhani*, 200 F.3d at 734 (internal quotation marks and citation omitted). A district court "may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." *Mills*, 221 F.3d at 1204. "[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *United States v. Timmreck*, 441 U.S. 780, 784, 99 S. Ct. 2085, 2087 (1979). In addition,"[a] claim of newly discovered evidence relevant only to the guilt or innocence of the petitioner is not cognizable in a coram nobis proceeding." *Moody v. United States*, 874 F.2d 1575, 1577 (11th Cir. 1989).

The writ of error *coram nobis* is a remedy available to vacate a conviction when the petitioner has served his or her sentence and is no longer in custody because "the results of the conviction may persist." *United States v. Peter*, 310

F.3d 709, 712 (11th Cir. 2002) (internal quotation marks omitted).  In *Peter*, we found *coram nobis* relief to be appropriate.  Peter claimed that the facts supporting his guilty plea did not constitute an offense in light of a Supreme Court case decided after his sentence had expired.  *Id.* at 711.  We found that "Peter's innocence of the charged offense appears from the very allegations made in the superseding information, not from the omission of an allegation requisite to liability" and ruled as a consequence that the district court lacked jurisdiction to accept a guilty plea to a "non-offense." *Id.* at 715.

We held in *Peter* that "a writ of error coram nobis must issue to correct the judgment that the court never had power to enter." *Id.* at 716.  In so holding, we distinguished claims that a defendant had been charged in an indictment with alleged conduct that was non-criminal– a jurisdictional defect–  from claims involving indictments with omissions, such as a missing element, which are not jurisdictional defects. *Id.* at 714.  Similarly, in *United States v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 1785 (2002), the Supreme Court held that an indictment's failure to allege an essential element of an offense did not constitute a jurisdictional defect.

Here, Obasohan's failure to investigate and recognize the legal significance of his claims is not a sound reason for failing to seek relief earlier.  Therefore, he

6

did not satisfy the requirements for *coram nobis* relief. Additionally, Obasohan's subject matter jurisdiction claim is distinguishable from *Peter* because Obasohan was not charged with a non-offense. Therefore, the district court did not abuse its discretion in denying Obasohan's petition.

<u>CONCLUSION</u>

Upon review of the record and the parties' briefs, we discern no reversible error. Accordingly, we affirm.

**AFFIRMED.**

7