**UNITED STATES of America, Plaintiff,**

v.

**Anthony R. MASILOTTI, Defendant.**

**Case No. 06–80158–CR.**

United States District Court, S.D. Florida.

Aug. 7, 2013.

Antonia J. Barnes, Stephen Carlton, United States Attorney's Office, West Palm Beach, FL, for Plaintiff.

David Stuart Weinstein, Clarke Silverglate, P.A., Donald I. Bierman, Donald I. Bierman P.L., Howard Milton Srebnick, Black Srebnick Kornspan & Stumpf, Rich-

ard Carroll Klugh, Jr., Miami, FL, John Francis O'Donnell, Paul David Lazarus, Fort Lauderdale, FL, Barry Ethan Witlin, Plantation, FL, for Defendant.

### ORDER DENYING MOTION FOR WRIT OF AUDITA QUERELA AND/OR WRIT OF ERROR CORAM NOBIS PURSUANT TO 28 U.S.C. § 1651

KENNETH L. RYSKAMP, District Judge.

THIS CAUSE comes before the Court pursuant to Defendant Anthony R. Masilotti's ("Masilotti") petition for writ of *audita querela* and/or writ of error *coram nobis* pursuant to 28 U.S.C. § 1651, filed June 24, 2013 **[DE 133]**. The government responded on July 9, 2013 **[DE 135]**. Masilotti replied on July 29, 2013 **[DE 138]**. This motion is ripe for adjudication.

### I. BACKGROUND

On January 11, 2007, Masilotti, former county commissioner for Palm Beach County, Florida, pleaded guilty to a criminal information charging him with a dual-object conspiracy: (1) to commit mail and wire fraud by using mail and wire communications to deprive another of honest services, in violation of 18 U.S.C. §§ 1341 (general mail fraud), 1343 (general wire fraud), and 1346 (defining "scheme or artifice to defraud" for purposes of the mail and wire fraud statutes to include a scheme to deprive another of the right to honest services); and (2) to impede the Internal Revenue Service in the collection of personal income taxes, in violation of 26 U.S.C. § 7212 (impeding the IRS). *See also* 18 U.S.C. § 371 (conspiracy). The information charged, *inter alia*, that Masilotti used his position as county commissioner to advance his undisclosed financial interest in certain real estate transactions. The information also included a criminal forfeiture count that sought the forfeiture of: (1) $9.5 million; (2) various parcels of real property; (3) all Masilotti's interests in two entities, Micco Eastern Holdings, LLC ("MEH") and ARM Family Land Trust (the "ARM trust"); and (4) all Masilotti's interests in a bank account and several certificates of deposit. The information charged the forfeiture pursuant to 28 U.S.C. § 2461, 18 U.S.C. § 981(a)(1)(C), and 21 U.S.C. § 853.

On January 11, 2007, Masilotti pleaded guilty to the charges in the information and agreed to a forfeiture, consenting to the forfeiture of the assets listed in the Information, which included cash and parcels of real property. Additionally, Masilotti agreed to waive any future challenges to this agreed forfeiture:

> Defendant further knowingly and voluntarily waives the following rights as to assets subject to forfeiture: (1) all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding; (2) any judicial or administrative notice of forfeiture and related deadlines; (3) any jeopardy defense or claims of double jeopardy, whether constitutional or statutory; (4) any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of these assets by the United States; and (5) any right to appeal any order of forfeiture entered by the Court pursuant to this Plea Agreement. Defendant further understands that the forfeiture of these assets shall not be treated as satisfaction or offset against any fine, restitution, cost of imprisonment, or any other penalty this Court may impose on the defendant.

(Response, Appx. B, ¶ 14.) Masilotti did not appeal his sentence or conviction or file any immediate challenge to the agreed to

forfeiture. As a result of the plea agreement, Masilotti escaped prosecution for any other crimes he may have committed that were known to the government.

Masilotti has made repeated attempts for relief from the forfeiture, all of which have been unsuccessful. The instant petition is Masilotti's latest attempt to recover the forfeited property and monies. Masilotti asserts that because *Skilling v. United States,* 561 U.S. 358, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010) "voided the underpinnings" of the forfeiture, he is entitled to the return of the property. *Skilling* held, in relevant part, that the honest services fraud statute was not unconstitutionally vague so long as it was construed to proscribe only bribery and kickback schemes. *Id.* at 2931. On September 23, 2010, Masilotti filed a petition under 28 U.S.C. § 2241, again asking this Court to vacate the honest services fraud portion of his conspiracy conviction. Masilotti argued that *Skilling* established that he had been convicted of a "non-existent offense" because the stipulated facts in his change-of-plea hearing did not show that he had received bribes or kickbacks. Masilotti also asked the court to vacate the 2007 criminal forfeiture order included in his sentence. The Court denied Masilotti's § 2241 petition, explaining that Masilotti had indeed received a kickback or a bribe with respect to the Diocese transaction. Masilotti did not appeal the denial of his § 2241 petition.

## II. *DISCUSSION*

### A. Waiver

Masilotti waived in his plea agreement any right to challenge the forfeiture. The Eleventh Circuit so recognized in its opinion affirming this Court's dismissal of Masilotti's Rule 60(b) motion. Specifically, the Eleventh Circuit determined that:

Masilotti, in his plea agreement, expressly waived his right to challenge the forfeiture here. His waiver explicitly encompassed all "constitutional, legal and equitable defenses" to the forfeiture, including any challenges on Eighth Amendment grounds. Masilotti does not contend that his waiver was not knowing or involuntary and thus unenforceable. *See United States v. Bushert,* 997 F.2d 1343, 1351 (11th Cir.1993) (holding that a sentence appeal waiver will be enforced if it was made knowingly and voluntarily).

*United States v. Masilotti,* 495 Fed.Appx. 975, n. 5 (11th Cir.2012) (per curiam). Knowingly, with full benefit of counsel, Masilotti chose to waive his right to raise any challenge to the forfeiture based on the Eighth Amendment, or any other factual, legal, and equitable defense.

■ Waiver of a right is the "intentional relinquishment or abandonment of a known right." *United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (quoting *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)). "Whether a particular right is waivable; whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake." *Id.* Generally, to ensure that waiver of a constitutional or a significant statutory right is knowing and voluntary, the district court must explicitly question the defendant about his understanding of his decision unless it is manifestly clear from the record that the defendant fully understands the significance of the waiver. *See Bushert,* 997 F.2d at 1351. Masilotti knowingly waived his rights to challenge the forfeiture. As reflected in the record, the procedural safeguards employed to as-

sure a voluntary and knowing waiver were present. Masilotti's right to appeal or otherwise challenge the forfeiture was permanently extinguished.

■ Masilotti argues that the language in his plea agreement does not preclude him from seeking the relief that he is currently requesting because the waivers in the forfeiture paragraph only apply to assets that are subject to forfeiture as proceeds of the crime. Since he is now claiming that the assets in the plea agreement are not subject to forfeiture because of *Skilling*, he argues that the waivers do not apply. He also argues that the sentencing appeal waiver in paragraph 17 of the plea agreement does not preclude him from seeking relief. The caselaw does not support Masilotti's theories.

Waivers have consistently been held to include later changes in the law that might favor a defendant, absent a provision in the plea agreement explicitly stating otherwise. *See, e.g., United States v. Lockwood,* 416 F.3d 604, 608 (7th Cir.2005) ("The fact that Lockwood, the government, and the district court failed to anticipate *Booker* or its sweeping effect on federal sentencing guidelines does not change [conclusion that appeal waiver included later changes in law favoring the defendant]"); *United States v. Haynes,* 412 F.3d 37, 38–39 (2d Cir.2005) ("appeal waivers are applicable to issues arising subsequent to the plea agreement, including issues created by new judicial decisions. The possibility of changes in the law is simply one of the risks allocated by the parties' agreement")(case citations omitted); *United States v. Lockett,* 406 F.3d 207, 213 (3d Cir.2005) ("The waiver of an appeal will not be invalidated merely because unanticipated events occur in the future. The prospective nature of waivers has never been thought to place [waivers] off limits or to render a defendant's act

unknowing.") (internal quotation marks omitted); *United States v. Bownes,* 405 F.3d 634, 636 (7th Cir.2005) ("In a plea agreement[ ] one binds oneself to do something that someone else wants, in exchange for some benefit to oneself. By binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one. That is the risk inherent in all contracts; they limit the parties' ability to take advantage of what may happen over the period in which the contract is in effect."); *United States v. Rubbo,* 396 F.3d 1330, 1335 (11th Cir.2005) ("the right to appeal a sentence based on *Apprendi/Booker* grounds can be waived in a plea agreement"). As the Sixth Circuit has explained:

> Plea bargains always entail risks for the parties-risks relating to what evidence would or would not have been admitted at trial, risks relating to how the jury would have assessed the evidence and risks relating to future developments in the law. The salient point is that a plea agreement allocates the risks between the two parties as they see fit. If courts disturb the parties' allocation of risk in an agreement, they threaten to damage the parties' ability to ascertain their legal rights when they sit down at the bargaining table and, more problematically for criminal defendants, they threaten to reduce the likelihood that prosecutors will bargain away counts with knowledge that the agreement will be immune from challenge on appeal.

*United States v. Bradley,* 400 F.3d 459, 464 (6th Cir.2005).

■ Masilotti further argues that the sentencing appeal waiver in paragraph 17 of the plea agreement does not preclude him from arguing that the "forfeiture beyond the amount of the bribe or kickback in the Diocese transaction exceeds the

maximum forfeiture permitted by statute." Masilotti's Petition, page 10. Even though Masilotti is trying to characterize the forfeiture as a sentence that "exceeds the maximum permitted by statute," he is actually making an excessive fines argument, which was specifically waived in paragraph 14 of his plea agreement. Moreover, a party cannot accept the benefits of an agreement, in whole or in part, and then renege by contesting the forfeiture which was part of the bargain. Waiver bars Masilotti's petition for forfeiture relief.

**B. Res Judicata**

■■■ Masilotti's attack on the underlying forfeiture also is barred under the doctrine of res judicata. Res judicata bars the filing of a claim when four requirements have been met: (1) there has been a final judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) the parties in both suits are identical, and (4) both cases involve the same cause of action. *Garcia–Padilla v. United States Attorney General*, 410 Fed.Appx. 184, 187 (11th Cir.2010), citing *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1280 (11th Cir.2009). Masilotti's underlying attempt to vacate the forfeiture has already been considered by both this Court and the Eleventh Circuit. There has been a judgment on the merits of the conviction and forfeiture by a court of competent jurisdiction, the parties are identical, and the current challenge involves old ground: an attempt to vacate the same forfeiture premised on the upheld conviction. Res judicata bars this latest challenge.

**C. Laches**

■■■ The doctrine of laches also bars Masilotti from obtaining forfeiture relief. *Skilling* issued on June 24, 2010, yet the coram nobis and audita querela challenges were not filed until June 24, 2013. Even though Masilotti's custodial status did not terminate until March 7, 2012, Masilotti does not adequately explain why he waited more than a year to file his current petition. Furthermore, despite Masilotti's allegation that the claims in this petition are new, the claims in this petition are a reiteration of the claims that he unsuccessfully raised in his § 2241 petition and his Rule 60(b) motion to set aside his conviction, in order to attack his conviction. The burden is on a petitioner, not the government, to show "sound reasons" for his delay in raising his claim. *See United States v. Morgan*, 346 U.S. 502, 512, 74 S.Ct. 247, 98 L.Ed. 248 (1954); *United States v. Pearl*, 288 Fed.Appx. 651, 653 (11th Cir.2008) ("district court may consider coram nobis petitions only where the petitioner presents sound reasons for failing to seek relief earlier"); *United States v. Riedl*, 496 F.3d 1003, 1007–09 (9th Cir.2007) (noting prior circuit decisions had considered laches under coram nobis analysis because the government had invoked the doctrine as a supplemental defense). The Eleventh Circuit has noted that a defendant's failure to investigate and recognize the legal significance of his claims is not a sound reason for failure to seek relief earlier. *United States v. Obasohan*, 318 Fed.Appx. 798, 800 (11th Cir.2009). Futility in asserting a claim also is not a valid excuse for failing to seek relief. *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Masilotti's petition for relief is denied based on the laches doctrine.

**D. Coram Nobis and Audita Querela Are Not Available**

■■■ Masilotti asserts that he is seeking coram nobis relief on a matter that he has never raised before. In *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), the Supreme Court held that the All Writs Act, 28 U.S.C. § 1651(a), authorizes federal courts to grant a defen-

dant coram nobis relief from a conviction for "errors 'of the most fundamental character'" where the defendant is no longer in custody and therefore has no remedy under 28 U.S.C. § 2255, and where adverse collateral consequences from the conviction remain. *Id.* at 512, 74 S.Ct. 247. "The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *United States v. Mills,* 221 F.3d 1201, 1203 (11th Cir.2000). Otherwise, the remedy "would prolong litigation once concluded, thus thwarting society's compelling interest in the finality of criminal convictions." *Moody v. United States,* 874 F.2d 1575, 1576–77 (11th Cir.1989) (citing *Morgan,* 346 U.S. at 511, 74 S.Ct. 247). An examination of Masilotti's arguments demonstrates that this petition is merely a repackaging of his arguments in his § 2241 petition that was filed in 2010 to set aside his conviction and sentence in an attempt to vacate the forfeiture.

▮ In light of Masilotti's express waivers in this case, the application of res judicata, laches, and the arguments raised as to coram nobis, the petition for a writ of audita querela, assuming it would even be available, has been foreclosed. Therefore, the petition for a writ of audita querela is also denied.

### III. *CONCLUSION*

THE COURT, being fully advised and having considered the pertinent portions of the record, hereby

ORDERS AND ADJUDGES that the petition for writ of *audita querela* and/or writ of error *coram nobis* pursuant to 28 U.S.C. § 1651, filed June 24, 2013 [DE 133], is DENIED.