Hossein ALIKHANI, a.k.a. Hossein Alikani, a.k.a. J.A. Faram, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 98-5546.

United States Court of Appeals,

Eleventh Circuit.

Jan. 11, 2000.

Appeal from the United States District Court for the Southern District of Florida.(No. 92-8108-CR-UUB), Ursula Ungaro-Benages, Judge.

Before COX and DUBINA, Circuit Judges, and KRAVITCH, Senior Circuit Judge.

PER CURIAM:

Hossein Alikhani appeals the denial of his petition for a writ of error coram nobis. We affirm.

*Background*

Following an unsuccessful attempt to procure certain oil-production equipment in the United States for sale to Libya, Alikhani (a Cypriot) was charged with a criminal violation of executive orders and regulations, promulgated under 50 U.S.C. §§ 1701 and 1702, forbidding all exports to and certain transactions with Libya. Alikhani challenged the indictment by a motion to dismiss under Fed. R.Crim. P 12(b)(2). That challenge included the arguments that the Libyan embargo regulations do not reach non-"U.S. persons," a term that is defined in Executive Order No. 12543, the primary basis of most of the regulations, and that even if the executive order intended to prohibit conduct by non-U.S. persons, such a prohibition would exceed the president's statutory authority.

The court never ruled on the motion, however, because Alikhani withdrew it after entering a plea agreement. Under that agreement, Alikhani pleaded guilty to the charge of violating the executive orders. Later finding inconvenient a provision in the plea-agreement that prohibited him from filing suits concerning his arrest, Alikhani has sought by this coram nobis petition to have his guilty plea invalidated and the plea agreement thereby voided. The district court denied the petition after concluding that Alikhani had not

presented any cognizable ground for relief. This court has historically in unpublished opinions reviewed a denial of coram nobis relief for abuse of discretion, *see Warton v. United States,* 971 F.2d 756 (11th Cir.1992), and following the practice in other circuits we deem that to be the proper standard of review—keeping in mind that an error of law is an abuse of discretion per se. *See Fleming v. United States,* 146 F.3d 88, 90 (2d Cir.1998); *United States v. Camacho-Bordes,* 94 F.3d 1168, 1173 (8th Cir.1996).

*Discussion*

The bar for coram nobis relief is high. First, the writ is appropriate only when there is and was no other available avenue of relief. *See United States v. Morgan,* 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954); *Moody v. United States,* 874 F.2d 1575, 1578 (11th Cir.1989). Second, the writ may issue "only when the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Moody,* 874 F.2d at 1576-77.

In a brief that reads like one on direct appeal from a criminal conviction, Alikhani asserts six challenges to his conviction. Five of the six are facially not cognizable on coram nobis review because Alikhani could have, but failed to, pursue them in a pretrial motion. *See Moody,* 874 F.2d at 1576. Those five are the arguments that (1) the indictment was defective because it failed to show that he lacked U.S. authorization to export equipment to Libya; (2) the statute and executive order issued under it did not prohibit his conduct because the order forbids certain acts by U.S. persons, a category into which he assertedly does not fit; (3) the export prohibitions do not apply to the transaction in which he was engaging; (4) he cannot properly be held liable on an aiding-and-abetting theory; and (5) the executive orders to whose violation he pleaded guilty were unconstitutionally vague. The district court would not abuse its discretion by rejecting such arguments.

Alikhani makes one argument, however, that he deems to be an attack on the district court's subject-matter jurisdiction: the Government lacks the power to prosecute a non-U.S. person, either because of an implicit limit on the president's power to impose an executive embargo, or because the embargo regulations themselves implicitly bar only transactions by U.S. persons. A genuine claim that the district

court lacked jurisdiction to adjudicate the petitioner guilty may well be a proper ground for coram nobis relief as a matter of law. But these statutory arguments, even if meritorious, would not implicate the district court's subject-matter jurisdiction.

"Subject-matter jurisdiction defines the court's authority to hear a given type of case...." *United States v. Morton,* 467 U.S. 822, 828, 104 S.Ct. 2769, 2773, 81 L.Ed.2d 680 (1984). Congress bestows that authority on lower courts by statute; in our case, Congress has provided the district courts with jurisdiction—"exclusive of the courts of the States"—of "all offenses against the laws of the United States." 18 U.S.C. § 3231. The United States filed an indictment charging Alikhani with violating "laws of the United States," and § 3231 on its face empowered the district court to enter judgment upon the merits of the indictment, such as dismissing the indictment on the ground that it does not allege facts showing that the defendant committed the charged offense. *See United States v. Sardelli,* 813 F.2d 654, 656 (5th Cir.1987) (district court has jurisdiction to determine if a certain kind of conduct violates a federal criminal statute). Alikhani has cited no case, and we have located none, holding that the failure of an indictment to state an offense—as Alikhani at bottom contends here—divests the district court of the power even to enter a judgment of acquittal. So to hold would be inconsistent, indeed, with the Supreme Court's insistence in the civil realm that "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the courts' statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, ----, 118 S.Ct. 1003, 1010, 140 L.Ed.2d 210 (1998) (emphasis in original).

Courts have rejected, moreover, the analogous assertion that a failure of allegation or proof on an interstate-commerce element deprives the district court of jurisdiction. An effect on interstate commerce may be required for Congress to have authority under the Commerce Clause to forbid certain conduct. *See United States v. Lopez,* 514 U.S. 549, 562, 115 S.Ct. 1624, 1631, 131 L.Ed.2d 626 (1995). But to this court and at least one other, that does not imply that a district court faced with an insufficient interstate-commerce nexus loses subject-matter jurisdiction of the case. *See United States v. Viscome,* 144 F.3d 1365, 1370 (11th Cir.)

("Appellant Viscome also attacks the sufficiency of the government's evidence regarding the interstate nexus element. However, Viscome's guilty plea waived all non-jurisdictional defects in the proceedings against him; and Viscome's sufficiency of the evidence challenge is non-jurisdictional."), *cert. denied,* --- U.S. ----, 119 S.Ct. 362, 142 L.Ed.2d 299 (1998); *United States v. Martin,* 147 F.3d 529, 532 (7th Cir.1998) ("[O]nce a defendant pleads guilty in '[a] court which has jurisdiction of the subject matter and of the defendant, as did the court in the instant case,' the court's judgment cannot be assailed on grounds that the government has not met its burden of proving 'so-called jurisdictional facts.' " (quoting *United States v. Hoyland,* 264 F.2d 346, 352-53 (7th Cir.1959))). By analogy, even if the Government had to prove that Alikhani was a U.S. person, and even if the Government had failed to allege sufficient facts in the indictment to support an assertion that Alikhani was a U.S. person, the district court would still have had subject-matter jurisdiction over the case.

We thus reject the notion that Alikhani's statutory arguments are jurisdictional. They were not, therefore, properly raised for the first time in a collateral proceeding when they could have been raised earlier. The district court did not abuse its discretion by denying relief.

*Conclusion*

For the foregoing reasons, we affirm the district court's denial of the petition.

AFFIRMED.