[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 3, 2006
THOMAS K. KAHN
CLERK

No. 05-16693
Non-Argument Calendar
_____

D. C. Docket No. 94-00034-CR-ORL-18JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMOND JOSEPH DENALLI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 3, 2006)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Raymond Joseph Denalli appeals, <u>pro se</u>, the denial of his petition for writ of

error coram nobis. Denalli argues that (1) the district court lacked subject matter jurisdiction to sentence him for "use[] [of] fire or an explosive to commit a[] felony which may be prosecuted in a Court of the United States," 18 U.S.C. § 844(h); (2) his convictions for both arson, see id. § 844(i), and use of fire or an explosive in the commission of a felony, see id. § 844(h), violates the Double Jeopardy Clause; and (3) his counsel were ineffective because they failed to raise these arguments before the district court or on appeal. We affirm.

In 1994, a jury convicted Denalli on several counts that included the arson of a building affecting interstate commerce, see id. § 844(i), and the use of fire and explosives to commit a felony prosecutable in a court of the United States, see id. § 844(h). The district court sentenced him to 138 months of imprisonment and ordered restitution. Denalli appealed his arson conviction, and we reversed the conviction and remanded for resentencing because there was insufficient evidence to establish that the building had a substantial effect on interstate commerce. United States v. Denalli, 73 F.3d 328, 331 (11th Cir.), amended in part on reh'g, 90 F.3d 444 (11th Cir. 1996). The district court resentenced Denalli to 111 months of imprisonment and ordered restitution.

In 1999, Denalli filed a motion to vacate the restitution order for inability to pay, but the district court denied the motion as untimely. See 28 U.S.C. § 2255. In

2004, Denalli sought leave from this Court to file a second habeas motion. He argued that (1) his convictions for arson and use of fire or an explosive in the commission of a crime violated the Double Jeopardy Clause, (2) his counsel were ineffective because they failed to raise this argument before the district court, and (3) the district court lacked subject matter jurisdiction to sentence him for use of fire or an explosive in the commission of a crime because his conviction for arson had been reversed. Because Denalli failed to present any evidence that was unavailable at the time he filed his first habeas motion, we denied his application. Denalli then petitioned for a writ for error coram nobis, but the district court denied his petition.

We review the denial of coram nobis relief for abuse of discretion. Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000). The writ is an "extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000). "First, the writ is appropriate only when there is and was no other available avenue of relief." Alikhani, 200 F.3d 732, 734. "Second, the writ may issue 'only when the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid.'" Id. (quoting United States v. Moody, 874 F.2d 1575, 1576–77 (11th

3

Cir. 1989)).

On appeal, Denalli argues that the writ of <u>error coram nobis</u> is an available remedy based on the same three arguments he raised in his second habeas motion. These arguments fail for at least two reasons. First, Denalli could have raised the Double Jeopardy Clause argument on direct appeal and the ineffective assistance of counsel argument in his first habeas motion. <u>See</u> <u>Mills</u>, 221 F.3d at 1204. Second, because Denalli's argument that the district court lacked subject matter jurisdiction fails, he is not entitled to <u>coram nobis</u> relief. <u>See</u> <u>Alikhani</u>, 200 F.3d at 735.

The denial of Denalli's petition by the district court is

**AFFIRMED.**