[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13181
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 5, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-00018-CR-RWS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL EDWARD TURNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 5, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Daniel Edward Turner appeals his convictions for tax fraud, pro se, pursuant

to 26 U.S.C. § 7212(a) and 18 U.S.C. § 514(a)(2), arguing that the district court had no jurisdiction over his case because his arrest warrant was constitutionally invalid and that the district court violated his Sixth Amendment right to counsel of his choice. After careful review, we affirm.

First, Turner claims that the district court did not have jurisdiction to hear his case, because, even though it was issued pursuant to a grand jury indictment, his arrest warrant was not support by an "oath or affirmation" as is required by the Fourth Amendment. We are unpersuaded.

Under 18 U.S.C. § 3231, the federal district courts have subject matter jurisdiction over all offenses against the laws of the United States. Alikhani v. United States, 200 F.3d 732, 734-35 (11th Cir. 2000). Turner was plainly charged by the grand jury with committing a criminal offense in violation of the federal tax laws, thus the district court had jurisdiction to enter judgment on the merits of that indictment. Further, the United States Supreme Court has clearly held that an indictment by a federal grand jury alone satisfies the oath or affirmation requirement of the Fourth Amendment. See McGrain v. Daugherty, 273 U.S. 135, 157 (1927) ("[G]rand jurors, acting under the sanction of their oath as such, may find and return indictments based solely on their own knowledge of the particular offenses, and [] warrants may be issued on such indictments without further oath or

affirmation."); see also Kalina v. Fletcher, 522 U.S. 118, 129 (1997) ("The Fourth Amendment requires that arrest warrants be based upon probable cause, supported by Oath or affirmation - a requirement that may be satisfied by an indictment returned by a grand jury. . . .") (citation and quotation marks omitted). It is undisputed here that the arrest warrant for Turner was issued pursuant to a grand jury indictment. Accordingly, it was supported by a sufficient "oath or affirmation" for Fourth Amendment purposes.

Second, Turner argues that the district court improperly denied him his Sixth Amendment right to counsel of his choice when it refused to appoint him substitute counsel, and, instead, found that he made a knowing and voluntary waiver of his right to counsel after he repeatedly rejected his appointed counsel without good cause. Again, we are unpersuaded.

Under the Sixth Amendment, all criminal defendants are entitled to the assistance of counsel from the time the adversarial criminal proceedings begin until the completion of the first direct appeal. U.S. Cont. amend. VI; United States v. Garey, 540 F.3d 1253,1262-63 (11th Cir. 2008) (en banc). However, "the right to counsel is intended as a tool, not a tether," and, accordingly, it may be waived intentionally and knowingly by a criminal defendant. Garey, 540 F.3d at 1263. In addition, the Sixth Amendment does not guarantee a criminal defendant the right to

have a particular lawyer as his counsel, nor does it give him the right to demand substitute appointed counsel without good cause, thus "[i]n practical terms . . . , defendants who lack the means to hire a private attorney must either accept the counsel appointed to represent them or represent themselves." Id. at 1263-64. Accordingly,

> it is possible for a valid waiver of counsel to occur not only when a cooperative defendant affirmatively invokes his right to self-representation, but also when an uncooperative defendant rejects the only counsel to which he is constitutionally entitled, understanding his only alternative is self-representation with its many attendant dangers.

Id. at 1265. Put differently,

> [w]hen a defendant rejects his court-appointed counsel or otherwise engages in behavior that creates tension between his right to counsel and his right to self-representation, a district court does not compromise the defendant's free choice by presenting him with accurate information regarding his lawful choices and asking him to choose between them. And, when an indigent defendant rejects competent, conflict-free counsel, he may waive his right to counsel by his uncooperative conduct, so long as his decision is made with knowledge of his options and the consequences of his choice.

Id. at 1265-66.

Turner made an intentional and knowing waiver of his right to counsel when he rejected his competent, conflict-free counsel after the district court informed him of the consequences of rejecting that counsel. Specifically, because he maintained that the district court had no jurisdiction over his case, Turner

repeatedly refused to accept the counsel appointed to him, yet denied that he was seeking to represent himself. The district court strongly cautioned Turner against refusing appointed counsel, stressed the seriousness of the charges against him and the penalties he faced, and overall complexity of the case. The district court explored Turner's educational background, his general understanding of the legal system, the rules of criminal procedure and evidence, and his specific understanding of the charges against him. Satisfied that Turner understood the nature of the proceedings and the charges against him, and understanding his consistent objections to representation by appointed counsel, the district court found Turner's waiver of his right to counsel to be knowing and voluntary. The district court nonetheless appointed the federal public defender previously assigned to his case as standby counsel. Accordingly, Turner failed to demonstrate that the district court violated his Sixth Amendment rights when it determined that, by his conduct, he had opted for self-representation.

**AFFIRMED.**