[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13565
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:03-cr-00045-DHB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOBIAS ANTONIO FRANK,
a.k.a. "Charlie",

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(February 14, 2011)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Tobias A. Frank, a federal pro se prisoner, appeals the denial of his motion for relief under the All Writs Act, 28 U.S.C. § 1651(a), in which he argued that he was incorrectly deemed a career offender and had no other adequate means to obtain relief. The district court construed his motion as one seeking relief under the writ of audita querela. On appeal, Frank argues that he is eligible for relief under the writ of coram nobis and that 28 U.S.C. § 2255 would not provide adequate relief because the § 2255 statute of limitations has expired. After thorough review, we affirm.

We review the denial of a writ of audita querela de novo and the denial of a writ of coram nobis for abuse of discretion. United States v. Holt, 417 F.3d 1172, 1174 (11th Cir. 2005) (writ of audita querela); Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000) (writ of coram nobis).

The All Writs Act allows "all courts established by Act of Congress [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, the courts do not have unfettered discretion to issue writs under this act:

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.

2

Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). "[A] writ of audita querela may not be granted when relief is cognizable under [28 U.S.C.] § 2255." Holt, 417 F.3d at 1175. Relief under the writ of coram nobis, as a matter of law, is unavailable to persons in custody because such persons may avail themselves of the statutory remedies in 28 U.S.C. § 2255. United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997). Federal prisoners seeking to collaterally attack their convictions and sentences generally must do so under 28 U.S.C. § 2255. 28 U.S.C. § 2255; see also Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003).

As applied here, Frank is not eligible for relief under a writ of audita querela because as a federal prisoner attacking the legality of his sentence, Frank was eligible to move for § 2255 relief. See 28 U.S.C. § 2255. Therefore, in this case, "relief is cognizable under § 2255." Holt, 417 F.3d at 1175.[1] Second, Frank is ineligible for relief under the writ of coram nobis because he is currently a federal prisoner. See Brown, 117 F.3d at 475. Finally, because Frank is proceeding pro se, the district court could have liberally construed his motion under the All Writs Act as a § 2255

---

[1] Frank's argument that he was ineligible for § 2255 relief because the statute of limitations has expired is without merit. Like the appellant in Holt, Frank seeks to challenge the legality of his sentence. See id. There was cognizable relief under § 2255 for the appellant in Holt even though he could not obtain that relief because of the procedural rules restricting successive § 2255 applications. See id. Likewise, there is cognizable relief for Frank under § 2255 even though he likely cannot obtain that relief because the § 2255 statute of limitations has expired.

3

motion.  <u>See</u> <u>Holt</u>, 417 F.3d at 1175.  However, because Frank concedes that the §

2255 statute of limitations has expired, the district court correctly denied his motion

instead of construing it as filed under § 2255.

Accordingly, we affirm.

**AFFIRMED.**