[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13517
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 10, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:99-cr-00137-MHT-CSC-2

UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

CLARENCE CLAY,

                                                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(February 10, 2012)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Clarence Clay appeals the district court's denial of his pro se motion for a

writ of error *coram nobis*. We review a district court's denial of *coram nobis* relief for abuse of discretion. *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) (per curiam). Upon review of the record and consideration of the parties's briefs, we find no abuse of discretion. Therefore, we affirm.

"A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002) (per curiam). The extraordinary remedy is "available only in compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). A petitioner may only obtain this relief where "there is and was no other available avenue of relief," and "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Alikhani*, 200 F.3d at 734 (citation and internal quotation marks omitted).

Here, Clay is not entitled to the extraordinary remedy. His arguments are each predicated on his complaint that a jury was unable to reach a unanimous agreement as to the quantity of drug attributable to his crime of conviction. When Clay raised the issue on direct appeal from his conviction, we found that the

2

argument lacked merit. *United States v. Clay*, 376 F.3d 1296, 1300–01 (11th Cir. 2004). Clay was also unsuccessful in obtaining relief when he raised the issue in both a § 2255 motion and a self-styled motion for relief under Federal Rule of Civil Procedure 60. The issue was previously litigated, and we do not find that the extraordinary remedy is warranted. *See Alikhani*, 200 F.3d at 734.

**AFFIRMED.**