[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12528
Non-Argument Calendar
_____

D.C. Docket No. 5:01-cr-00056-CAR-CHW-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORASAMA ANDREWS,
a.k.a. Rell,

Defendant -Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(May 9, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Orasama Andrews appeals pro se the denial of his petition for a writ of error coram nobis under the All Writs Act.  28 U.S.C. § 1651.  We affirm.

In 2003, Andrews pleaded guilty to distributing between two and five grams of cocaine base.  See 21 U.S.C. § 841(a)(1).  His written plea agreement advised him of his rights to a trial by jury; to be represented by counsel throughout his trial proceedings; to confront and cross-examine witnesses against him; and to not incriminate himself.  During his change of plea hearing, Andrews verified that he understood and waived those constitutional rights.  The district court accepted Andrews's plea of guilty and sentenced him to 37 months of imprisonment, followed by 3 years of supervised release.

After Andrews began his term of supervised release, he was arrested for distributing cocaine base.  See id.  Andrews was convicted of the offense and sentenced to imprisonment for life.  Later, the district court revoked Andrews's supervised release and imposed a sentence of 24 months of imprisonment to run consecutively to his sentence of life imprisonment.  Three months later, the district court filed an amended judgment that corrected a misstatement in its earlier order.

Andrews filed a petition for a writ of error coram nobis that sought relief from his 2003 conviction.  Andrews argued that the district court lacked subject matter jurisdiction to adjudicate him guilty of the drug offense because cocaine hydrochloride and cocaine base were unscheduled substances; the statutory

2

authority for his sentence, id. § 841(b)(1)(A)(iii), was void for vagueness; and his plea colloquy was inadequate because he was not advised of his rights to confront his accuser and to not incriminate himself.  He also argued that he had recently discovered facts supporting his claims and that his trial counsel had been ineffective by abandoning him immediately after his sentencing hearing.  Andrews filed three amendments to his petition that repeated his claims for relief.

The district court denied Andrews's petition and dismissed his amendments as moot.  The district court ruled that Andrews could have raised his claims for relief in an earlier proceeding; he failed to prove that any of his claims involved a fundamental matter of fact that rendered the proceedings irregular and invalid; and he failed to present sound reasons for failing to pursue relief earlier.  The district court also ruled that Andrews's "vague and unsubstantiated allegations" failed to excuse his delay in pursuing relief.

We review the denial of a petition for a writ of error coram nobis for abuse of discretion.  Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000).  The writ is available only when "there is and was no other available avenue of relief" and "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid."  Id.  We may affirm a judgment on any ground that appears in the record.  See Spaziano v. Singletary, 36 F.3d 1028, 1041 (11th Cir. 1994).

3

The district court did not abuse its discretion.  "Coram nobis relief is unavailable to a person . . . who is still in custody."  United States v. Garcia, 181 F.3d 1274, 1275 (11th Cir. 1999).  Although the district court did not address Andrews's custodial status, a review of the record reveals that he is still in custody "under the aggregate of the consecutive sentences imposed on [him]" and is ineligible for coram nobis relief.  See Peyton v. Rowe, 391 U.S. 54, 64–65, 88 S. Ct. 1549, 1555 (1968).  Furthermore, the writ of error coram nobis is unavailable to Andrews because he could have raised his claims for relief on direct appeal, see Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994) ("A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development."), or in a motion to vacate his conviction, see 28 U.S.C. § 2255.  And Andrews provides no plausible explanation for his delay in pursuing his claims.  Andrews argues that the district court should have treated his petition as a motion to vacate his conviction, see id., but Andrews acknowledges that motion would have been untimely.  Andrews also argues that the district court lacked jurisdiction to enter the amended judgment, but we decline to consider an argument that Andrews failed to raise in the district court.  See Johnson v. United States, 340 F.3d 1219, 1228 n.8 (11th Cir. 2003).

We **AFFIRM** the denial of Andrews's petition.