[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11226
Non-Argument Calendar
_____

D.C. Docket No. 2:98-cr-00006-LSC-TMP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO ANTON LEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 5, 2015)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

In *United States v. Lee*, Case No. 98-6746 (11th Cir. 2000), we affirmed Mario Anton Lee's 1998 conviction and his prison sentence of 200 months for attempting to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). In doing so, we rejected Lee's arguments that the District Court erred in denying his motion to suppress the cocaine law enforcement officers seized during a traffic stop and his his motion for judgment of acquittal in which he contended that the Northern District of Alabama was an improper venue for the prosecution of his case. In September 2001, Lee moved the District Court to vacate his conviction pursuant to 28 U.S.S. § 2255 on the ground that his attorney had failed to adequately present his venue objection to the District Court during the prosecution of his case. The court denied his motion, and he was denied a certificate of appealability to appeal the ruling.

In January 2014, Lee, proceeding *pro se,* petitioned the District Court for a writ of error *coram nobis* vacating his 1998 conviction and sentence on the ground that he was actually innocent of the cocaine offense with which he had been convicted. He based his claim on the fact that the traffic stop that led to his conviction occurred in Louisiana, not the Northern District of Alabama; therefore, he should not have been indicated and charged in Alabama. The District Court, concluding that Lee was not entitled to *coram nobis* relief because his petition

2

failed to show that he was actually innocent of the attempting-to-distribute-cocaine offense, denied his petition.   He appeals the ruling.  We affirm.

The All Writs Act, 28 U.S.C. § 1651(a), provides federal courts the authority to issue writs of error *coram nobis*.  *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000).  The writ "is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice."  *Mills*, 221 F.3d at 1203. The writ is available in this case because "the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255."  *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002).  But the issuance of the writ is a discretionary call—committed to the court's sound discretion.  *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000).

The District Court did not abuse its discretion in denying the writ for Lee failed to show that he had no other avenues of relief.  *See Alikhani*, 200 F.3d at 734.  Relief was available in his direct appeal of his conviction; in fact, his brief presented the same arguments he made in challenging the search that led to the cocaine and the purportedly improper venue in the Northern District of Alabama. And he raised the same arguments in his September 2001 motion for § 2255 relief. The District Court's denial of *coram nobis* relief is, accordingly,

AFFIRMED.