[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14797
Non-Argument Calendar
_____

D.C. Docket Nos. 9:17-cv-80969-JIC,
9:90-cr-08065-JIC-9

TIMOTHY HATTEN,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 19, 2019)

Before TJOFLAT, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Timothy Hatten, proceeding pro se, appeals the district court's order

dismissing his petition for a writ of coram nobis.  After careful review, we affirm.

**I.**

In 1992, a jury convicted Hatten of various counts relating to a conspiracy to manufacture, possess, and distribute crack cocaine.  The district court sentenced Hatten to a term of life imprisonment followed by ten years of supervised release.  Hatten directly appealed his convictions, challenging, among other things, the legality of the search of his residence.  See United States v. Glinton, 154 F.3d 1245, 1256–57 (11th Cir. 1998).  This Court affirmed Hatten's convictions and sentence.  Id. at 1260.

In November 2008, the district court granted Hatten's motion to reduce his sentence in light of amendments to the Sentencing Guidelines that lowered the base offense levels for certain crack cocaine offenses.  The district court resentenced Hatten to 360-months imprisonment.  After serving nearly 24 years in prison, Hatten was discharged from custody in October 2016 and began to serve his term of supervised release.

In August 2017, Hatten filed a pro se petition for writ of error coram nobis.  Hatten's petition asked the district court to vacate his 1992 drug convictions because the evidence supporting them was gathered during unlawful searches of his vehicle and residence.  The petition noted that Hatten had challenged the legality of the searches on direct appeal and had also unsuccessfully sought federal habeas relief on other grounds.  Hatten explained that his petition relied on

2

additional case law and claims he did not present in earlier proceedings. He asserted that his trial and appellate counsel were ineffective for failing to raise these claims and failing to cite these cases and contended "evidence of [certain] case law" was unavailable to him while he was incarcerated because "the Bureau of Prisons did not provide access to Florida state case law."

The district court docketed Hatten's petition as a separate civil proceeding and referred the matter to a magistrate judge who recommended dismissing it. The magistrate judge explained that coram nobis relief is available only in cases where no other remedy is available. Because Hatten could and did pursue habeas relief to attack his 1992 convictions and sentence, the magistrate judge reasoned a coram nobis petition was an improper vehicle for his claims.

The district court overruled Hatten's objections to the magistrate judge's report and recommendation, adopted the magistrate judge's report in its entirety, and dismissed Hatten's petition. This is Hatten's appeal.

## II.

"A petition for a writ of coram nobis provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." Chaidez v. United States, 568 U.S. 342, 345 n.1, 133 S. Ct. 1103, 1106 n. 1 (2013). We review a district court's denial of a petition for writ of coram nobis for abuse of discretion.

3

Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000) (per curiam).  A writ of coram nobis is only available in criminal cases.  See United States v. Mills, 221 F.3d 1201, 1203 n.2 (11th Cir. 2000) (citing Fed. R. Civ. P. 60(b), which abolished writs of coram nobis in civil cases).  But its availability is strictly limited.  It is "an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice."  Id. at 1203.  Because of the availability of habeas review, the Supreme Court has observed that it is "difficult to conceive of a situation in a federal criminal case today where [coram nobis relief] would be necessary or appropriate."  United States v. Smith, 331 U.S. 469, 475 & n.4, 67 S. Ct. 1330, 1333, 1334 n.4 (1947).

## III.

Hatten argues the district court abused its discretion by denying him relief. But, as the district court's order explained, a "writ [of coram nobis] is appropriate only when there is and was no other available avenue of relief."  Alikhani, 200 F.3d at 734 (emphasis added).  Hatten could and did pursue direct appeal and habeas relief through which he could and did challenge the lawfulness of these searches. A petition for a writ of coram nobis does not provide him an opportunity to reassert failed claims or to bring claims he neglected to bring in available proceedings.  See id.  The district court did not abuse its discretion by denying Hatten relief.

4

Hatten argues the district court abused its discretion by docketing his petition as a civil matter.  But no matter how Hatten's petition was docketed, the district court correctly determined he is not entitled to relief.  Cf. Cani v. United States, 331 F.3d 1210, 1216 (11th Cir. 2003) (construing a dismissal as a denial on the merits where a petitioner raised only nonmeritorious arguments and the distinction made no significant difference in the case).  We affirm the district court's order.

**AFFIRMED.**