[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-12550

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RANFERI GONZALEZ-HERNANDEZ,
a.k.a. Ranfe,
a.k.a. Damian Hernandez-Ochoa,
a.k.a. Raul,
a.k.a. Saul Ballesteros-Bustos,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:07-cr-80005-WPD-2

_____

Before BRANCH, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Ranferi Gonzalez-Hernandez, proceeding pro se, appeals the district court's denial of his petition for a writ of error coram nobis. The government moves for summary affirmance, which we grant.

## I.

In December 2007, Gonzalez-Hernandez pleaded guilty to one count of conspiracy to possess with intent to distribute at least five kilograms of cocaine or at least 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. At a hearing, Gonzalez-Hernandez acknowledged that he was waiving "most" of his appellate rights. He also said that he was "fully satisfied" with his representation.

The district court accepted Gonzalez-Hernandez's plea. Near the end of the hearing, the prosecutor asked the court to confirm that Gonzalez-Hernandez knew the consequences of accepting the plea. Because Gonzalez-Hernandez was not an American citizen, the prosecutor "want[ed] to be clear that he understands that the adjudication of guilt would give rise to his deportation after he serves his sentence." The district court

queried Gonzalez-Hernandez, "[d]o you understand that you may be deported upon conviction?" He responded "yes."

The district court sentenced Gonzalez-Hernandez to 210 months' imprisonment and five years' supervised release. At the completion of his term of imprisonment, Gonzalez-Hernandez was to "be surrendered to the custody of the U.S. Immigration and Customs Enforcement." If Gonzalez-Hernandez were removed, he would be barred from reentering the United States without written permission. Gonzalez-Hernandez did not file an appeal or 28 U.S.C. § 2255 motion challenging his conviction or sentence.

Four years later, the government moved to reduce Gonzalez-Hernandez's sentence because he had cooperated in cases against other defendants. *See* Fed. R. Crim. P. 35. The district court reduced his sentence to 105 months' imprisonment. But the court warned that "[i]n all other respects, the Judgment imposed on September 18, 2008, shall remain in full force and effect." Gonzalez-Hernandez was released from prison in August 2014.

In February 2017, immigration officials removed Gonzalez-Hernandez to Mexico. But he reentered the country illegally and was found in Florida in April 2022. Gonzalez-Hernandez pleaded guilty to illegally reentering the country. The district court sentenced him to 21 months' imprisonment and three years' supervised release.

While serving that sentence—Gonzalez-Hernandez has since been released from custody—he petitioned for a writ of error coram nobis. Gonzalez-Hernandez asked the district court to

vacate his 2008 conviction for ineffective assistance of counsel.  In the petition, Gonzalez-Hernandez contended that counsel did not alert him to the immigration consequences of pleading guilty.  If he had known of the "adverse immigration repercussions" of pleading guilty, Gonzalez-Hernandez asserted that he would have "continued onward in the procedure (ultimately toward trial)."

The district court denied the petition.  The court explained that Gonzalez-Hernandez "was clearly made aware of the consequences of deportation" during the hearing.  The court noted that ineffective-assistance-of-counsel claims are "properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255," but Gonzalez-Hernandez neither pursued this relief nor "provide[d] sound reasons for failing to do so."  Because he "failed to justify the delay in filing his [coram nobis] petition" and recognized "the possibility of deportation during his plea," Gonzalez-Hernandez did not show "compelling circumstances" warranting relief.

This appeal followed.

## II.

We review a district court's denial of a petition for a writ of error coram nobis for abuse of discretion.  *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000).

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where,

as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

### III.

Federal courts may issue writs of error coram nobis via the All Writs Act. *See* 28 U.S.C. § 1651(a). It "is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002). But coram nobis "is a limited remedy of last resort," appropriate only when there "is and was no other available avenue of relief." *Lowery v. United States*, 956 F.2d 227, 228 (11th Cir. 1992); *Alikhani*, 200 F.3d at 734. The underlying error must involve "a matter of fact of the most fundamental character" that "has not been put in issue or passed upon" and "render[ed] the proceeding itself irregular and invalid." *Alikhani*, 200 F.3d at 734 (quotation omitted). And given the availability of habeas review, we have emphasized that it is "difficult to conceive of a situation in a federal criminal case today where coram nobis relief would be necessary or appropriate." *Lowery*, 956 F.2d at 229 (quotation omitted and alteration adopted).

The district court did not abuse its discretion in denying Gonzalez-Hernandez's petition. Indeed, Gonzalez-Hernandez had several potential paths for relief. He could have conferred with his attorney and withdrawn his guilty plea after learning of the plea's

---

[1] *Groendyke Transportation* is binding precedent in the Eleventh Circuit under *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

deportation consequences.   So too could Gonzalez-Hernandez have directly appealed the voluntariness of his plea.  Finally, as the district court explained, Gonzalez-Hernandez could have filed a § 2255 petition—the proper avenue for collateral attacks based on ineffective assistance of counsel.  *See United States v. Butler*, 41 F.3d 1435, 1437 n.1 (11th Cir. 1995).  That Gonzalez-Hernandez was no longer in custody when he filed his coram nobis petition—a required prerequisite for relief under § 2255—is irrelevant.  He could have filed a § 2255 petition until his period of supervised release ended in August 2019.  *See United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997).  He did not do so.  In short, Gonzalez-Hernandez's arguments are "facially not cognizable on coram nobis review because [Gonzalez-Hernandez] could have, but failed to, pursue them" through "other available avenue[s] of relief." *Alikhani*, 200 F.3d at 734.

What's more, a coram nobis petitioner must "present[] sound reasons for failing to seek relief earlier." *United States v. Mills*, 221 F.3d 1201, 1204 (11th Cir. 2000).  Gonzalez-Hernandez says that he did not seek prior relief because he was "assisting the United States" in its prosecution of other defendants.  He also worried that following his (illegal) reentry, "fil[ing] motions with the court" could lead immigration authorities to his doorstep.

We are unpersuaded.  Gonzalez-Hernandez challenges his counsel's effectiveness "seventeen years after his plea," "seven years after being deported, and ten months after pleading guilty to illegally reentry after deportation."  He conceded that "he and

24-12550                Opinion of the Court                    7

counsel discussed the possibility of deportation." His original sentence was "cut in half" after cooperating with the government. And he offers no convincing reasons for delaying to seek relief. "[W]e cannot say it was a mistake" for the district court to conclude that Gonzalez-Hernandez waited too long to file his petition, "especially when many years had passed since [Gonzalez-Hernandez] could have first brought his claim." *Gonzalez v. United States*, 981 F.3d 845, 854 (11th Cir. 2020).

⋆    ⋆    ⋆

Because the government is "clearly right as a matter of law," we **GRANT** its motion for summary affirmance and **AFFIRM**. *Groendyke Transp.*, 406 F.2d at 1162.