[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12435

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAVID PETERSEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:13-cr-00117-WS-N-2

_____

2                    Opinion of the Court                    24-12435

Before LUCK, KIDD, and ANDERSON, Circuit Judges.

PER CURIAM:

David Petersen, a former federal prisoner proceeding pro se, appeals the district court's denial of his second petition for a writ of error coram nobis. He argues that his conviction should be vacated because a prosecutor told him before his trial that the government knew he lacked knowledge of the crimes for which he was convicted. In response, the government moved for summary affirmance. After careful consideration, we grant the government's motion and affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2013, a jury convicted Petersen of securities fraud, aiding and abetting securities fraud, and aiding and abetting wire fraud. *See* 18 U.S.C. §§ 2, 371, 1343; 15 U.S.C. § 77q. He was sentenced to—and served—sixty months' imprisonment followed by three years of supervised release. Petersen previously appealed his conviction and sentence. *See United States v. Sencan*, 629 F. App'x 884 (11th Cir. 2015). In that appeal, he challenged the sufficiency of the evidence presented at trial, argued that it materially differed from the indictment, and alleged prosecutorial misconduct. *Id.* at 889–893. We affirmed Petersen's conviction and sentence. *Id.* at 893.

Petersen then filed a handful of pro se post-judgment motions, including a motion for a new trial and a habeas petition. In these motions, Petersen argued that the government had committed fraud in his prosecution and that he had received ineffective

assistance of counsel at trial.  The district court denied the motions, Petersen appealed, and we either affirmed or denied review.  *See United States v. Petersen*, 708 F. App'x 983 (11th Cir. 2017); *Petersen v. United States*, 859 F. App'x 370 (11th Cir. 2021).

After serving his sentence, Petersen moved for a writ of error coram nobis.  *See* 28 U.S.C. § 1651.  He argued again that the government had presented false evidence at his trial and asserted that there was "newly discovered evidence" which was "not known or reasonably discoverable at the time of trial."  The district court denied the motion, Petersen appealed, and we affirmed.  *See United States v. Petersen*, 2023 WL 3720851 (11th Cir. 2023).

Petersen then filed a second motion for a writ of error coram nobis.  He asserted that, before his trial, a prosecutor told him the government knew that he lacked knowledge of the crimes for which he was charged.  Based on this alleged statement, Petersen argued that the government failed to prove the requisite mens rea for his convictions at trial and that the district court gave an improper jury instruction on willful blindness.  Petersen also contended that the Supreme Court's recent decision in *Fischer v. United States* constituted "newly discovered evidence" that warranted reversal.  *See* 603 U.S. 480 (2024).  Petersen moved for the district court to "void all [o]rders . . . related to his conviction [and] sentence," and to set aside the judgment.

Again, the district court denied the motion.  Petersen's arguments, the district court explained, could not be brought in a motion for coram nobis relief because he knew about the prosecutor's

alleged statement for more than a decade but offered no explanation for why he had failed to assert the argument earlier. The district court noted that if "such an assertion [was] buried somewhere in the mountain of meritless motions the defendant has filed over the years, it has been considered and rejected," and could not be resurrected "simply by reasserting it in a different format." Finally, the district court observed that, even if it were to consider Petersen's arguments on the merits, they would fail because the jury found beyond a reasonable doubt that he had the requisite mens rea for his crimes, and a single prosecutor's alleged opinion to the contrary would not change that finding.

Petersen timely appealed, and the government responded with a motion for summary affirmance.

## STANDARD OF REVIEW

We review for abuse of discretion the denial of a motion for a writ of error coram nobis. *See United States v. Bane*, 948 F.3d 1290, 1294 (11th Cir. 2020). "An abuse of discretion occurs when a district court commits a clear error of judgment, fails to follow the proper legal standard or process for making a determination, or relies on clearly erroneous findings of fact." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1163 (11th Cir. 2017).

Summary disposition is appropriate when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

24-12435                Opinion of the Court                5

We liberally construe pro se filings, but pro se litigants must follow procedural rules. *United States v. Ogiekpolor*, 122 F.4th 1296, 1304 (11th Cir. 2024). We cannot serve as Petersen's "*de facto* counsel" or "rewrite an otherwise deficient pleading" for his benefit. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014) (citation omitted).

## DISCUSSION

The All Writs Act, 28 U.S.C. section 1651(a), provides federal courts with the authority to issue writs of error coram nobis. *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). "A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002). It is "an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *Mills*, 221 F.3d at 1203.

A writ of error coram nobis "may issue 'only when the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid.'" *Alikhani v. United States*, 200 F.3d 732 (11th Cir. 2000) (citation omitted). Fundamental errors do not include "prejudicial misconduct in the course of the trial, the misbehavior or partiality of jurors, [or] newly discovered evidence." *Mills*, 221 F.3d at 1204 (citation omitted). Further, "courts may consider coram nobis petitions only where no other

remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." *Id.*

Here, the government is "clearly right as a matter of law" that the district court did not abuse its discretion by denying Petersen's petition for a writ of error coram nobis. *Groendyke*, 406 F.2d at 1162. Petersen grounded his petition—and its core arguments regarding mens rea and the willful blindness jury instruction—on a statement he allegedly heard a prosecutor make over a decade ago. Given that Petersen himself heard the statement, he was aware of it before his trial. But Petersen's petition offered no "sound reasons" for why he did not raise any arguments based on the statement at trial or in any of his many postjudgment motions.[1] *Mills*, 221 F.3d at 1204; *see also Gonzalez v. United States*, 981 F.3d 845, 852 (11th Cir. 2020) (holding that once a petitioner becomes "aware of the true basis of his contention, he cannot wait to file a coram nobis petition without a sound reason" (cleaned up)). Because Petersen was aware of the alleged statement years before he filed his petition, and because he failed to provide a sound reason for neglecting to raise it earlier, the district court correctly

---

[1] On appeal, Petersen argues that the delay resulted from the complexity of legal proceedings, a lack of access to adequate legal resources, and efforts to obtain necessary information through Freedom of Information Act requests. The first two justifications are belied by Petersen's extensive pro se litigation history—he's filed numerous motions and appeals arguing various legal issues. Further, Petersen does not explain when and how he overcame these alleged difficulties. As for Petersen's last justification, a Freedom of Information Act request would not affect his knowledge of the prosecutor's alleged statement.

24-12435                Opinion of the Court                7

determined that Petersen could not assert arguments based off of the statement for the first time in his second coram nobis petition.

Petersen's reliance on the Supreme Court's recent decision in *Fischer* is also inapposite. He asserts that *Fischer* "constitutes newly discovered evidence" that was previously unavailable. But Petersen never explains how *Fischer* relates to his case, and no connection is immediately apparent. *Fischer* addressed the narrow question of whether specific language in 18 U.S.C. section 1512(c)(2) "should be read in light of the limited reach of" the preceding clause in section 1512(c)(1). *See* 603 U.S. at 483. The Supreme Court ultimately concluded it should be and limited the scope of section 1512(c)(2). *Id.* at 497–98.

Liberally construed, Petersen asserts that we should similarly limit the scope of 18 U.S.C. section 2—one of the statutes he was convicted under. But section 1512 is a different statute from section 2, and *Fischer* based its reasoning on section 1512's specific language and historical context. *See* 603 U.S. at 486–494. Petersen offers no analysis tying *Fischer*'s reasoning to section 2 and we do not see how it could relate. Thus, *Fischer* does not support either an expansive reading of section 2 or Petersen's petition for a writ of error coram nobis.

In his appellate briefing, Petersen attempts to relitigate his case by raising several claims that he did not assert in his motion below. He alleges that there was insufficient evidence presented at trial to convict him, that the indictment failed to specify the overt acts he committed, and that he received ineffective assistance of

counsel.[2] However, Petersen abandoned these claims by failing to raise them in his motion for coram nobis relief below. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." (citation and internal quotation marks omitted)); *Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir. 2000) ("Arguments raised for the first time on appeal are not properly before this Court.").

In short, the government is "clearly right as a matter of law" that the district court did not abuse its discretion by denying Petersen's coram nobis petition. *Groendyke*, 406 F.2d at 1162. Thus, the government is entitled to summary affirmance.

---

[2] We already considered and rejected Petersen's challenges to the sufficiency of the evidence and the wording of the indictment in his direct appeal. *See Sencan*, 629 Fed. App'x at 889–893 (rejecting Petersen's challenges to the sufficiency of the evidence and the indictment). The district court also rejected Petersen's ineffective assistance of counsel claim in his section 2255 motion to vacate his conviction, and we denied a request for a certificate of appealability on that claim. So, even if they were not abandoned, these claims could not be reexamined through a writ of error coram nobis. *See Alikhani*, 200 F.3d at 734 (explaining that a writ of error coram nobis may only issue when the alleged error has not already "been put in issue or passed upon" (citation omitted)).

## CONCLUSION

We **GRANT** the government's motion for summary affirmance and **AFFIRM** the district court's order denying Petersen's motion for a writ of error coram nobis.[3]

---

[3] All pending motions are DENIED AS MOOT.