**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10934

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DANIEL A. RODRIGUEZ,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:94-cr-00402-JEM-1

_____

Before NEWSOM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Daniel Rodriguez appeals a district court order denying his *pro se* petition for *coram nobis* relief. Rodriguez's petition for a writ of *coram nobis* challenged a sentence he has already served, imposed

for violating the terms of his supervised release.  The government moves for summary affirmance.  After careful review, we grant the government's motion and affirm.[1]

Summary disposition is appropriate in several situations, including where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161–62 (5th Cir. 1969).[2]  We review a denial of *coram nobis* relief for abuse of discretion.  *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000).  "A district court abuses its discretion if," among other things, "it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous."  *Guevara v. Lafise Corp.*, 127

---

[1] The record in this case stretches back to 1994, and a full history can be found in the district court' order Rodriguez challenges here and in prior opinions addressing his postconviction filings.  *See, e.g.*, *Rodriguez v. United States*, No. 15-22901, 2016 WL 3653948 (S.D. Fla. Jun. 23, 2016), *report and recommendation adopted,* 2016 WL 3647628 (S.D. Fla. Jun. 29, 2016); *Rodriguez v. Copenhaver*, 823 F.3d 1238 (9th Cir. 2016); *Rodriguez v. Streeval*, No. 21-6807, 2021 WL 5072075 (4th Cir. Nov. 2, 2021) (unpublished); *Rodriguez v. United States*, No. 20-14114, 2023 WL 2199054 (11th Cir. Feb. 24, 2023) (unpublished).  Given this extensive litigation history, we write only for the parties who already are familiar with the relevant facts.

[2] All Fifth Circuit decisions issued by the close of business on September 30, 1981, are binding precedent in this Court.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

F.4th 824, 829 (11th Cir. 2025) (quoting *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001)).

A "writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). A court may grant *coram nobis* relief when: (i) no other avenue is, or has been, available, and (ii) the petitioner presents a fundamental error which rendered the proceedings irregular and invalid. *Alikhani*, 200 F.3d at 734; *Ramdeo v. United States*, 136 F.4th 1348, 1354 (11th Cir. 2025). If the petitioner could have pursued their claim through other available avenues, but failed to do so, the claim is not facially cognizable on *coram nobis* review. *Alikhani*, 200 F.3d at 734–35. While a *coram nobis* petitioner is not required necessarily to "challenge his conviction at the earliest opportunity" afforded him, "he must have sound reasons for not doing so." *Gonzalez v. United States*, 981 F.3d 845, 852 (11th Cir. 2020).

After a careful review of the record, we conclude the district court properly ruled that none of the arguments Rodriguez raised in his *coram nobis* petition are facially cognizable. Rodriguez had opportunities to raise the issues he raises now earlier and has not presented any sound reason for failing to do so. *Id.* at 850–52; *Alikhani*, 200 F.3d at 734. Therefore, the district court did not abuse its discretion in denying Rodriguez's *coram nobis* petition, and the government's position is clearly correct as a matter of law.

4                          Opinion of the Court                          25-10934

*Groendyke Transp.*, 406 F.2d at 1162.  Accordingly, we **GRANT** the motion for summary affirmance.

    **AFFIRMED.**