**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-13542

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

LUTHER WOODS,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:94-cr-00166-RBD-KRS-1

_____

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Luther Woods, a former federal prisoner and current Florida state prisoner proceeding pro se, appeals the district court's denial of his petition for a writ of error coram nobis. Woods contends he

is entitled to coram nobis relief because the statute he was convicted of violating in 1994, 28 U.S.C. § 2113(d), is unconstitutional and his indictment was defective.[1]  The Government has moved for summary affirmance of the district court's order.  After review,[2] we affirm.

The All Writs Act, 28 U.S.C. § 1651, gives federal courts authority to issue writs of error coram nobis.  *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000).  The writ, however, may issue only when (1) "there is and was no other available avenue of relief," and (2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid."  *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) (emphasis added) (quotation marks omitted)).  Moreover, a petitioner must show "sound reasons" for not raising claims "at the earliest opportunity." *Gonzalez v. United States*, 981 F.3d 845, 852 (11th Cir. 2020) (quotation marks omitted).  Procedural ignorance is not a sound excuse for a delay in raising claims in a coram nobis petition.  *Id.* at 853.

---

[1] In his writ of error coram nobis, Woods also claimed he received ineffective assistance of counsel, but does not brief this issue on appeal.  Thus, he has abandoned this argument. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (stating an issue is abandoned on appeal if a pro se litigant does not brief it).

[2] We review a district court's denial of a petition for writ of error coram nobis for an abuse of discretion. *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000).

The district court did not abuse its discretion in denying coram nobis relief because Woods failed to present a sound reason for failing to raise his challenges to § 2113(d) and the indictment at any earlier stage in the proceedings. *See Gonzalez*, 981 F.3d at 852. Rather, Woods' only asserted reason was that he was unaware of the errors until May 2025. This reason fails, first, because it is an argument from procedural ignorance, and second, because he has known about his indictment and the statute under which he was convicted since 1994, over 30 years ago. *See id.*

Accordingly, because the Government's position is clearly correct as a matter of law, we **GRANT** the government's motion for summary affirmance and **DENY** as moot its motion to stay the briefing schedule. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[3] (providing summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous"); 11th Cir. R. 31-1(c) (providing a motion for summary affirmance or summary reversal postpones the due date for the filing of any remaining brief until we rule on the motion).

**AFFIRMED**.

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.