[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  20-11722
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cr-00008-RH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES RUSSELL JOHNSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 26, 2020)


Before JORDAN, LUCK, and FAY, Circuit Judges.

PER CURIAM:

In 2014, James Johnson pleaded guilty to unlawfully possessing a firearm as a convicted felon, in violation of 18 U.S.C. section 922(g). The district court sentenced him to thirty-seven months in prison followed by three years of supervised release. Shortly after completing his term of imprisonment in 2016, Johnson violated the terms of his supervised release and was sentenced to an additional seven months in prison with no supervision to follow. In 2020, long after he was released from custody, Johnson filed a pro se motion in his criminal case titled "claim of constitutional violation in criminal conviction and petition for court to overturn conviction and a[d]judicate not guilty." Because Johnson was no longer in custody, the district court construed his filing as a writ of error coram nobis and denied it because he "assert[ed] no claim of actual innocence and no grounds even approaching those necessary for coram nobis relief." Johnson appeals the order pro se, and the government has moved for summary affirmance and to stay the briefing schedule.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969). We review a district court's denial of a petition for writ of error coram nobis for an abuse of discretion. Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

The All Writs Act, 28 U.S.C. § 1651(a), provides federal courts with the authority to issue writs of error coram nobis. United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000). The writ of error coram nobis is "an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." Id. In contrast to a section 2255 motion,[1] "[a] writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody." United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002). The bar for granting a petition for a writ of error coram nobis is high. Alikhani, 200 F.3d at 734. First, it is appropriate "only when there is and was no other available avenue of relief." Id. Second, the writ is available "only when the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." Id. (internal quotation marks omitted). District courts may consider coram

---

[1] A prisoner in custody may move the court that sentenced him to vacate, set aside, or correct his sentence, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

3

nobis petitions only when "the petitioner presents sound reasons for failing to seek relief earlier." Mills, 221 F.3d at 1204.

The district court correctly construed Johnson's filing as a coram nobis petition because he asked the district court to vacate his felon-in-possession conviction and he was no longer in custody under that judgment. Peter, 310 F.3d at 712 ("A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255."). Even though Johnson appears to contend that his claims were timely under subsection 2255(f),[2] he could not obtain relief under section 2255 because he was not in custody under the felon-in-possession judgment and he had completed his entire sentence when he asserted his

---

[2] Subsection 2255(f) provides:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4).

claims.  See 28 U.S.C. § 2255(a).  And although he argues that his motion should have been construed as seeking relief under Federal Rule of Civil Procedure 60(b), that rule does not provide relief from a criminal conviction.  See United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case . . . .").

The district court also properly concluded that coram nobis relief was not warranted.  First, Johnson had another avenue of relief available that he did not pursue.  As the district court stated, Johnson essentially raises ineffective-assistance-of-counsel claims, which he could have raised in a timely section 2255 motion.  See 28 U.S.C. § 2255(a); United States v. Patterson, 595 F.3d 1324, 1328–29 (11th Cir. 2010) ("The preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion . . . .").  Second, Johnson did not offer any reason below or before us, let alone a "sound reason[]," as to why he could not have sought relief earlier.  See Mills, 221 F.3d at 1204.  Thus, because it is clear as a matter of law that the district court properly construed Johnson's claims and that Johnson was not entitled to coram nobis relief, we **GRANT** the government's motion for summary affirmance.  See Groendyke Transp., Inc., 406 F.2d at 1162.  Accordingly, we **DENY** the government's motion to stay the briefing schedule as moot.