[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11490

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

STEVE WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:96-cr-00318-TPB-1

_____

Before JORDAN, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Steve Williams, a former federal prisoner represented by counsel, appeals the district court's denial of his petition for a writ of error *coram nobis*, 28 U.S.C. § 1651(a). The government, in turn, has moved for summary affirmance and to stay the briefing schedule.

## I.

Williams was charged in 1996 with one count of knowingly and intentionally using a communication facility to facilitate a conspiracy to possess with the intent to distribute marijuana, in violation of 21 U.S.C. § 843(b). He later agreed, through counsel, to plead guilty pursuant to a written agreement. The district court sentenced Williams to 5 months' imprisonment followed by 36 months' supervised release. The court entered a final judgment to this effect in 1997. Williams did not appeal or seek post-conviction relief under 28 U.S.C. § 2255. He served his sentence and discharged his term of supervised release.

In March 2022, Williams, represented by new counsel, filed the present petition for a writ of error *coram nobis,* pursuant to 28 U.S.C. § 1651(a), and challenged the validity of his 1997 conviction. Williams asserted that he was entitled to post-conviction relief because his trial counsel did not advise him of a viable entrapment defense before he agreed to plead guilty. He asserted that his trial

counsel had been ineffective for not pursuing an entrapment defense because he had told counsel of the facts underlying the potential defense. And, he asserted, if he had not pleaded guilty, he would have been acquitted at trial. He further asserted that his trial counsel failed to inform him that he would "automatically lose his constitutional right to 'keep and bear arms'" and "to participate in the political process by voting in elections" as a result of his plea. He reiterated that if he had been informed of these rights, he would not have pleaded guilty, and "the result would have been different."

In attempting to excuse his failure to file a motion for post-conviction relief under Section 2255 and his 20-year delay in filing a petition for writ of coram nobis, Williams argued that he should have been appointed counsel to file such a post-conviction motion. Specifically, Williams argued that *Martinez v. Ryan*, 566 U.S. 1 (2012), provides an avenue for a federal court to "hear and rule upon the merit [of] substantial claims of ineffective assistance of counsel, notwithstanding any Anti-Terrorism and Effective Death Penalty Act [("AEDPA")]; time limitations . . . or [s]tate [c]ourt procedural bars, *where the [p]etitioner had no lawyer to do his first post-conviction relief motion, or if counsel in such capacity provided ineffective assistance.*"

The district court denied Williams's petition. The court reasoned that a writ of error *coram nobis* was an "extraordinary" remedy of last resort which could only issue where there is and was no other available avenue of relief to correct a fundamental error that

rendered the proceeding itself irregular and invalid. But here, the court explained, Williams could have pursued relief under 28 U.S.C. § 2255 and failed to do so. The court also noted that Williams failed to explain the more than twenty-five-year delay between pleading guilty in 1996 and filing the petition in 2022.[1]

On appeal, Williams argues that the district court improperly denied his petition for error *coram nobis* relief. Rather than filing a response, the government has moved for summary affirmance. It argues that the district court did not err in denying Williams's petition because Williams could have raised his ineffective assistance claim in a Section 2255 motion any time between his guilty plea and his release from custody. It also contends that Williams failed to establish any sound reason for his delay in seeking relief and that Williams never sought to obtain appointed post-conviction counsel in the district court.

## II.

We review a district court's denial of a petition for writ of error *coram nobis* for an abuse of discretion. *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). Summary disposition is

---

[1] Williams moved the district court to reconsider its ruling, without success. On appeal, he does not specifically challenge the denial of that motion. Accordingly, any issue in this respect is forfeited. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680-81 (11th Cir. 2014) ("A party can abandon an issue on appeal by failing to 'plainly and prominently' address it in his opening brief.").

appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case . . . ." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). A motion for summary affirmance shall postpone the due date for the filing of any remaining brief until we rule on such motion. 11th Cir. R. 31-1(c).

### III.

A writ of error *coram nobis* offers a remedy "to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002). The writ, however, may issue only when (1) "there is *and was* no other available avenue of relief," *and* (2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Alikhani*, 200 F.3d at 734 (emphasis added). Moreover, a district court may consider a *coram nobis* petition only where the petitioner presents sound reasons for failing to seek relief earlier. *United States v. Morgan*, 346 U.S. 502, 512 (1954).

We cannot say the district court abused its discretion in denying the petition for a writ of coram nobis. Williams does not challenge the district court's conclusion that he could have raised his trial counsel's ineffective assistance by filing a Section 2255 petition while he was still in custody. And Williams did not explain when he became aware of his counsel's ineffectiveness or whether

such a discovery justified the delay in petitioning for a writ of coram nobis. Accordingly, even if his trial counsel's ineffective assistance could rise to the level of an error of "the most fundamental character," *Alikhani*, 200 F.3d at 734, the district court did not err in denying his petition as untimely.

Williams cites *Martinez* to excuse his failure to raise his trial counsel's alleged ineffectiveness earlier. In *Martinez*, the Supreme Court held that a procedural default in state-court post-conviction litigation will not bar a federal habeas court from hearing a substantial constitutional claim if the claim was not raised in the state post-conviction proceeding only because the petitioner had no counsel or the petitioner's counsel in that proceeding was ineffective. *Martinez*, 566 U.S. at 13-14.

*Martinez* has no application here. The exception in *Martinez* is not about timeliness. *See Arthur v. Thomas*, 739 F.3d 611, 613 (11th Cir. 2014). And it has never been applied to justify the granting of a writ of coram nobis. Moreover, the *Martinez* exception applies only when the denial of post-conviction counsel or the ineffectiveness of post-conviction counsel prevented a petitioner from raising a meritorious claim. *Martinez*, 566 U.S. at 13-14. But Williams did not have post-conviction counsel, attempt to obtain post-conviction counsel, or otherwise try to litigate a post-conviction petition. He has made no effort to establish that his lack of post-conviction counsel prevented him from raising his claim until more than 20 years after his conviction and sentence.

22-11490                 Opinion of the Court                 7

## IV.

We **GRANT** the government's motion for summary affirmance. We **DENY** its motion to stay the briefing schedule as moot in light of Eleventh Circuit Rule 31-1(c).