[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11878

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

_versus_

OLIVER IRELAND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:17-cr-60021-KMM-2

_____

2                              Opinion of the Court                      22-11878

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Oliver Ireland, a former federal prisoner proceeding *pro se*, appeals the district court's denial of his third petition for a writ of error *coram nobis*.

In 2017, Ireland agreed, through counsel, to plead guilty knowingly and intentionally to one count of using a communication facility to commit or facilitate the crime of knowingly possessing with intent to distribute a detectable amount of cocaine, in violation of 21 U.S.C. § 843(b). The district court sentenced him to 48 months' imprisonment, to be followed by 1 year of supervised release.

In 2018, Ireland filed a motion for post-conviction relief under 28 U.S.C. § 2255 alleging ineffective assistance of counsel, which the district court denied on the merits. At some point, he discharged his custodial sentence and completed his supervised release term.

Ireland filed the instant petition, his third, in 2022, arguing that he was actually innocent of the underlying offense and that he received ineffective assistance of counsel, who allegedly made certain misrepresentations. The district court denied the petition, noting that it was virtually identical to an earlier petition, which it had previously denied, and that, while he had appealed the denial of that petition, he had failed to prosecute his appeal. Further, in the

court's earlier denial, it had noted that Ireland had not indicated why he could not have presented his arguments previously "or by using some other procedural avenue," and that some of his claims were similar to ones he made in his § 2255 motion.

On appeal, Ireland argues that the district court erred in summarily denying his third petition, reiterating his arguments from below. Rather than filing a response brief, the government has moved for summary affirmance and to stay the briefing schedule, arguing that Ireland has not shown he was entitled to relief.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1] Under our local rules, a motion for summary affirmance shall postpone the due date for the filing of any remaining brief until we rule on such a motion. 11th Cir. R. 31-1(c).

We review a district court's denial of a petition for writ of error *coram nobis* for an abuse of discretion. *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). An error of law is an

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit issued prior to September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, Ala., 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

abuse of discretion.  *Id.*  "When review is only for abuse of discretion, it means that the district court had a range of choice and that we cannot reverse just because we might have come to a different conclusion . . . ."  *United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021) (internal quotations omitted).

The All Writs Act, 28 U.S.C. § 1651, gives federal courts authority to issue writs of error *coram nobis*.  *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000).  A writ of error *coram nobis* offers a remedy "to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255."  *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002).  It offers the remedy of vacating a conviction because of the lingering results of convictions, including implications for civil rights or heavier penalties for subsequent offenses.  *Id.*

The writ, however, may issue only when (1) "there is *and was* no other available avenue of relief" and (2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid."  *Alikhani*, 200 F.3d at 734 (emphasis added).  Moreover, a district court may consider a *coram nobis* petition only where the petitioner presents sound reasons for failing to seek relief earlier.  *United States v. Morgan*, 346 U.S. 502, 512 (1954).

When appropriate, we review the denial of a motion for reconsideration, whether brought under Fed. R. Civ. P. 59(e) or

22-11878            Opinion of the Court            5

60(b), for abuse of discretion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (Rule 60(b)); *Sanderlin v. Seminole Tribe of Fla.*, 243 F.3d 1282, 1285 (11th Cir. 2001) (Rule 59(e)).[2]  A motion for reconsideration, however, "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009).

In addition, there is a strong presumption that a defendant's statements during a plea colloquy are true. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987).

Here, we grant the government's motion for summary affirmance.  The district court correctly concluded that Ireland did not present a sound reason for failing to seek relief earlier. *Morgan*, 346 U.S. at 512.  The claims he presented in his third petition did not rely on any evidence that was new or otherwise unavailable in 2018, when he filed his § 2255 motion, and his assertions about when he discovered his counsel's alleged misrepresentations were non-specific, especially as to its timing.  Moreover, he did, in fact, raise ineffective assistance of counsel claims in his § 2255 motion, showing that he did have an opportunity to seek relief earlier and through another procedural avenue. *Morgan*, 346 U.S. at 512; *Alikhani*, 200 F.3d at 734.  Further, his assertions about his plea

---

[2] We note that an appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for certain purposes. Fed. R. App. P. 4(a)(1)(C).

being involuntary are belied by the record, which shows that he pled guilty to the offense for which he was charged and agreed that he was guilty during the plea colloquy, in statements which we strongly presume are true. *Gonzalez-Mercado*, 808 F.2d at 800 n.8.

Finally, to the extent that Ireland's third petition sought reconsideration of the denial of a prior petition, the district court did not abuse its discretion in rejecting those reiterated arguments. *See Sanderlin*, 243 F.3d at 1285; *Farris*, 333 F.3d at 1216. As the district court found, and Ireland has conceded, his second and third petitions were "virtually identical" to his initial petition, failing to present any ground for reconsideration. *Wilchombe*, 555 F.3d at 957.

For these reasons, we conclude that the district court did not abuse its discretion in denying Ireland's third petition for a writ of error *coram nobis*. *Alikhani*, 200 F.3d at 734. Thus, the government's position is clearly correct as a matter of law, *Groendyke Transp., Inc.*, 406 F.2d at 1162, so we **GRANT** the government's motion for summary affirmance and **DENY** its motion to stay the briefing schedule as moot per 11th Cir. R. 31-1(c).

**AFFIRMED.**